JEFFER MANGELS BUTLER & MITCHELL LLP
R. SCOTT BRINK (Bar No. 138644)
*rsb@jmbm.com*
RAEF J. COGAN (Bar No. 317060)
*RCogan@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:   (310) 203-8080
Facsimile:   (310) 203-0567

Attorneys for International Wind, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BURIN, individually, and on behalf of all others similarly situated,,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL WIND, INC., a California corporation; INTERNATIONAL WIND, LLC, a limited liability company; and DOES 1 through 10, inclusive,,<br><br>Defendants. | Case No. 2:23-cv-9935<br><br>**DEFENDANT INTERNATIONAL WIND, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>[Orange County Superior Court Case No. 30-2023-01344893-CU-OE-CXC] |

71781353v5

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE THAT** Defendant International Wind, LLC ("Defendant Wind LLC") hereby removes this action from the Superior Court of the State of California for the County of Orange ("Orange County Superior Court") to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based on diversity jurisdiction.

The following is a short and plain statement of the grounds for removal:

## VII. THE STATE COURT ACTION

1. On August 28, 2023, Plaintiff Steven Burin ("Plaintiff") commenced a civil action in Orange County Superior Court against Defendants Wind LLC and International Wind, Inc. ("Defendant Wind Inc.") (collectively referred as "Defendants"), styled *Steven Burin v. International Wind, Inc.*, et al., Case No. 30-2023-01344893-CU-OE-CXC (the "State Court Action"), by filing a Class Action Complaint ("Complaint").

2. The Complaint alleged eight causes of action: (1) Failure to Pay Minimum Wages, (2) Failure to Pay Overtime Wages, (3) Failure to Provide Meal Periods, (4) Failure to Authorize and Permit Rest Breaks, (5) Failure to Indemnify Necessary Business Expenses, (6) Failure to Timely Pay Final Wages at Termination, (7) Failure to Provide Accurate Itemized Wage Statements, and (8) Unfair Business Practices.

3. On November 6, 2023, Plaintiff filed a First Amended Complaint ("FAC"). The FAC adds a ninth cause of action for Civil Penalties Under PAGA. *See* FAC, ¶¶ 8-103.

4. On November 23, 2023, Defendants Answered the FAC.

## VIII. DEFENDANT WIND LLC HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

5. On October 23, 2023, Plaintiff served Defendant Wind Inc. with the Complaint. *See* Declaration of Raef J. Cogan ("Cogan Decl.") ¶ 2, Ex. 5.

6. On October 24, 2023, Plaintiff served Defendant Wind LLC with the Complaint. *See* Cogan Decl. ¶ 3, Ex. 6.

7. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of October 24, 2023 – *i.e.*, the date of service of the summons and Complaint on Defendant Wind LLC.

8. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Court Action in Defendant Wind LLC's possession are contained in **Exhibits 1-8** to the Cogan Decl., ¶¶ 2-9, filed concurrently herewith, and include the following: Summons, Complaint, First Amended Complaint, Civil Case Cover Sheet, Notice of Initial Case Management Conference, and Proofs of Service.

9. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District of California because Plaintiff filed the instant action with the clerk of the Orange County Superior Court.

10. Pursuant to 28 U.S.C. § 1446(d), Defendant Wind LLC will give written notice of the filing of this Notice of Removal to Plaintiff. A true and correct copy of this Notice of Removal and all supporting papers will also be filed with the Superior Court of California, County of Orange, promptly after filing of the same in this Court.

11. Where there are multiple defendants, those that are properly joined and served must consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A). However, improperly joined defendants need not consent to removal. *Id*. The party seeking removal must explain the absence of other parties that have been served in the notice of removal. *See Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F. 3d 1261, 1266 (superseded by statute on other grounds). Here, Defendant Wind, Inc. has not joined in this removal because it no longer exists. *See* Cogan Decl., ¶ 10, Exs. 9-10.

*See also* Declaration of Matthew Menker ("Menker Decl."), ¶ 3, Ex. B. It merged with Defendant Wind LLC on July 1, 2022. Defendant Wind LLC is the surviving entity. In *Zappia v. World Savings Bank, F.S.B.*, 2015 WL 1808545, the plaintiff filed suit against World Savings Bank, F.S.B., which no longer existed. *Id*. at *4. The court relied on the record, which established that through a series of transactions, World Savings Bank, F.S.B. became part of Wells Fargo Bank, National Association. *Ibid*. The court concluded that "the removal by Wells Fargo satisfies Section 1446's requirement that all proper defendants join or consent to the removal notice.") *Ibid*. Accordingly, Defendant Wind Inc. is not a proper party to this action and Defendant Wind LLC's removal satisfies Section 1446's requirement that all proper defendants join or consent to the removal notice.

12. If any question arises as to the propriety of the removal of this action, Defendant Wind LLC requests the opportunity to conduct discovery, brief any disputed issues, and to present oral argument in favor of its position that this case is properly removable.

## IX. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

13. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

14. A federal district court will first "consider whether it is facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego Abrego v. Dow Chem. Co.*, 443 F. 3d 676, 690 (9th Cir. 2006) (internal citation omitted). Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 84.

15. The removing party's initial burden is to file a notice of removal that includes "'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." *Ibarra v. Manheim Invs., Inc.*, 775 F. 3d 1193, 1195 (9th Cir. 2015) (*quoting Dart Cherokee*

*Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014)).

16. Defendant Wind LLC denies any liability whatsoever under any theory and in any amount, and further believes the allegations of this lawsuit are demonstrably false. Solely for purposes of this removal notice, Defendant Wind LLC relies on the allegations of Plaintiff's FAC to establish the amount in controversy required for removal under 28 U.S.C. §§ 1332 and 1441.

17. In the FAC, Plaintiff alleges that the minimum threshold for an unlimited civil case is met. Complaint, ¶¶ 36, 46. Plaintiff fails to seek an aggregate amount, however, the amount in controversy more likely than not exceeds the sum of $75,000.

  a. Plaintiff has alleged nine separate causes of action. *See* FAC, ¶¶ 8-103.

  b. Plaintiff seeks to recover at least three years' worth of unpaid wages, including overtime wages, and three years' worth of rest and meal period compensation and penalties. Plaintiff's alleges that Defendants failed to ever provide Plaintiff with a rest break, FAC, ¶ 56, and "regularly" failed to provide Plaintiff meal periods, FAC, ¶ 52.

  c. Plaintiff seeks to recover unreimbursed business expenses as well as statutory penalties, including waiting time penalties and penalties for failure to provide accurate wage statements.

  d. Plaintiff seeks to recover liquidated damages, FAC ¶ 38, injunctive relief, FAC, Prayer for Relief ¶ 37, 44, attorneys' fees for the first, second, fifth, sixth, seventh, eight, and ninth causes of action, and Private Attorneys' General Act penalties for Plaintiff.

  e. Liquidated damages for unpaid wages are in effect a penalty equal to the amount of unpaid minimum wages. *See* Cal. Lab. Code § 1194.2; *Martinez v. Combs*, 9 Cal. 4th 35, 48, fn. 8 (2010). Accordingly, Plaintiff may potentially recover double the unpaid minimum wages that Plaintiff proves at trial.

f.      Attorneys' fees in wage and hour actions often amount to greater than $75,000.  In a case with similar claims to those made here, a court has awarded attorneys' fees in excess of $300,000.  *See Henry M. Lee Law Corp. v. Superior Court*, 204 Cal. App. 4th 1375, 1380 (2012).

18.     "The calculation of the amount in controversy takes into account claims for general damages, special damages, punitive damages, and attorney's fees recoverable by statute or contract." *Rodriguez v. Boeing Co.*, 2014 WL 3818108 (C.D. Cal. Aug. 1, 2014) (citing *Rippee v. Bos. Mkt. Corp.*, 408 F.Supp.2d 982, 984 (S.D. Cal. 2005)); s*ee also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.")

19.     Such allegations are sufficient to establish that the amount in controversy in this matter is more likely than not to exceed the sum of $75,000.

## X.    THE DIVERSITY OF CITIZENSHIP IS SATISFIED

20.     For the purposes of diversity jurisdiction, citizenship "is determined (and must exist) as of the time the complaint is filed and removal is effected." *Stroek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2022).

21.     For the purposes of diversity jurisdiction, a corporation is a citizen of its principle place of business and its state of incorporation. 28 U.S.C. § 1332(c)(1).

22.     Defendant Wind Inc. existed as a California corporation until July 1, 2022.  Defendant Wind Inc. no longer exists.  *See* Cogan Decl., ¶ 10, Exs. 9-10.  *See also* Declaration of Matthew Menker ("Menker Decl."), ¶ 3, Ex. B.  On July 1, 2022, Defendant Wind Inc. merged with Defendant Wind LLC, leaving Defendant Wind LLC as the surviving entity.  *See* Cogan Decl., ¶ 10, Ex. 10.  *See also* Menker Decl., ¶ 3, Ex. B.  Defendant Wind Inc. ceased to exist post-merger.

23.     For the purposes of diversity jurisdiction, a limited liability company is

a citizen of each state in which its members are citizens. *See Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006). Defendant Wind LLC is a Delaware limited liability company. *See* Cogan Decl., ¶ 11, Ex. 11. *See also* Menker Decl., ¶ 2, Ex. A.

24. Defendant Wind LLC's sole member is SSI Intermediate Corporation, a Delaware corporation. SSI Intermediate Corporation was incorporated in Delaware and has its principal place of business in Delaware. Menker Decl., ¶ 2. Accordingly, Defendant Wind LLC is a citizen of Delaware.

25. Therefore, there is complete diversity of citizenship between the parties in this case: the Plaintiff is a citizen of California, Defendant Wind LLC is a citizen of Delaware, and Defendant Wind Inc. does not exist.

## XI. CONCLUSION

**WHEREFORE**, Defendant Wind LLC hereby removes the State Court Action from Orange County Superior Court to the United States District Court for the Central District of California and respectfully requests this Court to proceed with this matter as if it had been originally filed herein.

DATED: November 22, 2023

JEFFER MANGELS BUTLER & MITCHELL LLP
R. SCOTT BRINK
RAEF J. COGAN

By: /s/ Raef J. Cogan
RAEF J. COGAN
Attorneys for International Wind, LLC

# PROOF OF SERVICE

## Burin v. International Wind, Inc. et al.

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1900 Avenue of the Stars, 7th Floor, Los Angeles, CA 90067-4308.

On November 22, 2023, I served true copies of the following document(s) described as

**DEFENDANT INTERNATIONAL WIND, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

**CIVIL CASE COVER SHEET**

**CERTIFICATE OF INTERESTED PARTIES**

**DECLARATION OF RAEF J. COGAN**

**DECLARATION OF MATTHEW MENKER**

as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Jeffer Mangels Butler & Mitchell LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address SJohnson@jmbm.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 22, 2023, at Los Angeles, California.

/s/ Shara Johnson
Shara Johnson

71781353v5

# SERVICE LIST

| | |
|---|---|
| Kane Moon<br>kmoon@moonlawgroup.com<br>Lilit Ter-Astvatsatryan<br>lilit@moonlawgroup.com<br>Yudi "Annie" Ruan<br>aruan@moonlawgroup.com<br>Moon Law Group, PC<br>1055 W. Seventh St., Suite 1880<br>Los Angeles, CA 90017<br>Telephone: 213-232-3128 | Attorneys for Plaintiff Steven Burin |

71781353v5

DEFENDANT'S NOTICE OF REMOVAL OF ACTION